IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN HENRY BROWN, #248210, | ) ) ) |
| Plaintiff, | ) No. 3:22-cv-00468 ) |
| v. | ) Judge Trauger ) Magistrate Judge Frensley |
| JUDGE BENNETT, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Jonathan Henry Brown, a pre-trial detainee currently in the custody of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Rutherford County General Session Court Judges Bennett and Eischeid in their official capacities, alleging violations of the plaintiff's civil rights. (Doc. No. 1). The plaintiff believes that he has been denied his Sixth Amendment right to a fair trial and to have the assistance of an attorney for his defense. (*Id*. at 5).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Also before the court is the plaintiff's application to proceed in forma pauperis (Doc. No. 3), which the court will address first.

**I.    Application to Proceed In Forma Pauperis**

By order entered on July 12, 2022, the court notified the plaintiff that his application to proceed in forma pauperis could not be processed at that time because he had not submitted a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his petition as required by 28 U.S.C.§ 1915(a)(2). (Doc. No. 4). The court

1

therefore directed the plaintiff to do one of the following within 30 days of the date he received the court's order: either return to the district court a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the date of the entry of the court's order, as required under 28 U.S.C. § 1915(a)(2), or submit the full civil filing fee of $402 to the court. (*Id*.)

The plaintiff then filed a letter dated July 22, 2022. (Doc. No. 7). In the letter, the plaintiff stated that he had exceeded the monthly allotment of requests he can make to jail officials and he would be unable to request his certified inmate trust fund account statement until August. (*Id*.) By order entered on August 3, 2022, the court construed the plaintiff's letter as a timely motion for an extension of time to comply with the court's prior order and granted the motion. (Doc. No. 8). The court gave the plaintiff until September 6, 2022, to submit the required statement. (*Id*. at 1).

The plaintiff now has submitted a letter to the court dated August 4, 2022, in which he states that, on July 27, 2022, he advised Officer Miles that the plaintiff has "forms from the Court that she needs to read." (Doc. No. 9 at 1); the plaintiff asked Officer Long to give the forms to Officer Miles "who declined to receive the forms" (*id*.); on August 1, 2022, at 9:27 a.m. the plaintiff sent a request to Officer Miles regarding the trust fund statement; on August 2, 2022, Officer Miles responded "that she needs to see the forms" to which the plaintiff replied that he had the forms and asked her to bring the statement to him so she could sign the forms (*id*.); however, Officer Miles never responded. The plaintiff now states that he has "done what the court ask[ed] so [he's] going to leave it in the court's hand." (*Id*.)

It appears that the plaintiff has attempted to comply with the court's orders and has been unable to do so for reasons outside of his control. The court finds that, under these specific circumstances—including the plaintiff's statements made to the court under penalty of perjury that

2

he is indigent—the plaintiff has made a good faith effort to obtain pauper status with proper documentation. *See Michael Kilpatrick v. James O'Rouke*, No. 3:16-cv-01840 (M.D. Tenn. 2016) (Sharp., J.) (Doc. No. 3 at 2) (if jail officials refuse to cooperate with plaintiff's efforts to get his inmate account statement certified, plaintiff may submit a signed statement to the court detailing his attempts to comply with the court's order). Accordingly, the plaintiff's application to proceed in forma pauperis will be granted.

## II. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### IV. Alleged Facts

The complaint alleges that the plaintiff appeared in Judge Bennett's court on April 27, 2022, during which time Judge Bennett appointed the plaintiff a public defender named J.D. Driver. On May 2, 2022, the plaintiff "advised Mr. J.D. Driver that his assistance was no longer needed due to him trying to bound [the plaintiff's] case up without asking if [the plaintiff] wanted to have a preliminary hearing." (Doc. No. 1 at 5). Judge Bennett told the plaintiff that he "come[s] with a lawyer or represent[s] [him]self." (*Id.*)

The plaintiff later appeared before Judge Eischeid on May 12, 2022. Judge Eischeid asked if the plaintiff was prepared to move forward with "the hearing" and the plaintiff advised her "that [the plaintiff] didn't have an attorney nor can [he] represent [him]self." (*Id.*) The plaintiff requested a pro bono lawyer. Judge Eischeid denied the plaintiff's request and held the hearing.

As relief, the complaint seeks the dismissal of the plaintiff's state criminal charges. (*Id.* at 6)

V. **Analysis**

The plaintiff brings this action against only two defendants: Rutherford County General Sessions Judges Bennett and Eischied in their official capacities.

Judges have absolute immunity from suit both from money damages and injunctive relief for their judicial acts. *See Butz v. Economou*, 438 U.S. 478, 511-12 (1978), *Kipen v. Lawson*, 57 F. App'x 69, 692 (6th Cir. 2003). Judicial immunity is an immunity from suit, not just immunity from the assessment of money damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Judicial immunity from suit can be overcome in two situations, neither of which is applicable here. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978). Neither of these exceptions to judicial immunity is applicable here. The alleged acts of Judges Bennett and Eischeid in appointing an attorney for plaintiff, denying the plaintiff's request for pro bono counsel after the plaintiff dismissed his court-appointed attorney, and conducting a hearing on the plaintiff's state criminal charge(s) clearly were judicial acts taken in the course of the judges' judicial capacities and were not committed in the complete absence of all jurisdiction. The complaint makes no allegations that would subject either defendant to liability in his or her individual capacity. Therefore, the defendant judges are absolutely immune from this civil suit, and the plaintiff's claims against Judges Bennett and Eischeid in their official capacities must be dismissed.

There is another reason why this lawsuit cannot proceed. The claims raised by the plaintiff are essentially collateral attacks on an underlying state-court criminal prosecution. When the criminal proceedings are ongoing, as they appear to be, this court cannot address claims which will

directly impact the course of those proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If a state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. The plaintiff's claims concern state-court criminal matters, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The state criminal process, moreover, affords the plaintiff an adequate opportunity to raise his constitutional claims. *See, e.g., Daniels v. Noyola*, No. 1:14CV-P141-GNS, 2015 WL 1003854, at *2 (W.D. Ky. Mar. 6, 2015) ("In light of the available avenues through which Plaintiff may raise a constitutional challenge in his pending case, this Court will not interfere with an on-going Kentucky state court proceeding."). In addition, the plaintiff has not alleged any unusual or extraordinary circumstances sufficient to warrant federal intervention at this time. Therefore, *Younger* abstention is appropriate. *See Tindall v. Wayne Cty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (advising that *Younger* abstention counsels federal court to refrain from

adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings). Thus, pursuant to *Younger*, the plaintiff's claims must be dismissed.

## VI. Conclusion

For the reasons explained above, the plaintiff's application to proceed in forma pauperis (Doc. No. 3) will be granted. Having completed the initial screening required by the PLRA, the court finds that Judges Bennett and Eischeid are absolutely immune from this civil suit. Further, *Younger* requires abstention by this court from interfering with the plaintiff's ongoing state criminal proceedings. Accordingly, this action will be dismissed.

An appropriate order will be entered.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE